**ANDREW B. FINBERG, ESQ.**
**LAW OFFICE OF ANDREW B. FINBERG, LLC**
**Evesham Commons, Suite 200**
**525 Route 73 South**
**Marlton, NJ 08053**
**(856)988-9055**
**Attorney for Andrew B. Finberg, Chapter 7 Trustee**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **IN RE:** | : | **CHAPTER 7** |
| **Derrick Lamar Cain** | : | **CASE NO.: 22-14749/ABA** |
| **Debtor(s)** | : | |
| | : | **APPLICATION FOR INTERIM COMPENSATION FOR PROFESSIONAL FEES** |
| | : | |
| | : | |

I, ANDREW FINBERG, hereby certify as follows:

1. On June 09, 2022, the Debtor filed a Chapter 7 petition.

2. On June 10, 2022, I was appointed the Interim Chapter 7 Trustee.

3. The first meeting of creditors was scheduled for July 8, 2022. The Debtor failed to appear. Counsel did appear but failed to supply the required documentation necessary to proceed with testimony. As a courtesy, the hearing was adjourned until August 30, 2022.

4. At the hearing on August 30, 2022, there was no appearance by the Debtor or counsel and the hearing was adjourned until September 12, 2022. When my office reached out to counsel to advise of the new hearing date, we were informed by counsel that his software did not capture the new hearing date.

5. On September 12, 2022, the meeting of creditors was conducted. During the meeting, the Debtor was questioned as to how he could have both $0.00 income and $0.00 expenses. Counsel indicated that Amended I & J were filed earlier. After checking the court docket, I advised that no documentation had been filed.

The meeting of creditors was left open so that counsel could provide tax returns, bank statements and a copy of the amended schedules. To date, no additional documentation has been provided and, more specifically, amended schedules have never been filed on the docket.

6. On September 23, 2022, my office sent a follow up email to Mr. Siddons but did not receive any form of response.

7. On September 29, 2022, my office sent another follow up email to Mr. Siddons but did not receive any form of response.

8. On October 4, 2022, the Trustee filed a Motion to Dismiss the Debtor's case which was scheduled for November 1, 2022 at 2:00pm. On November 2, 2022, the Court corrected the hearing time to 10:00am. Regardless of the adjusted time, no opposition was filed to the Motion to Dismiss.

9. On November 2, 2022, this Court entered an Order dismissing the case.

10. On November 1, 2022, Debtor filed a Motion to Vacate Dismissal on Shortened Time. This Court denied Debtor's request to be heard on shortened time and scheduled the hearing for November 22, 2022 at 10am.

11. Paragraph 4 to counsel's certification stated, "The software used by Debtor's counsel did not capture the rescheduled time for this motion. Debtor's counsel was prepared to present defenses to the Trustee's motion". Even though counsel was prepared to present defenses on November 1, 2022 at 2:00pm, since no opposition was filed, oral argument would not be heard ***regardless of the time change to 10:00am.***

12. As a courtesy to counsel and in efforts to avoid unnecessary court intervention, I reached out to counsel to discuss matters. To date, I have not received any form of response.

13. On November 22, 2022, Oral argument was heard as to Debtor's Motion to Vacate Dismissal and the matter was adjourned until December 6, 2022. The Court gave

specific instructions to Debtor's counsel which included the filing of a certification in support of counsel's position as well as Amended Schedules I and J. All such submissions were to be submitted by Tuesday, November 29, 2022.

14. On November 30, 2022, Your Honor requested the Trustee to submit a Fee Application on notice to Debtor's counsel.

15. All services rendered in this fee application, and for which compensation is being sought, are in relation to actions taken on behalf of the Chapter 7 Trustee and are not independent from the general duties and responsibility of the Chapter 7 Trustee's obligations to administer the case.

16. It is my belief and position that the fees being sought, $2,200.00, is reasonable for professional services rendered during the course of these proceedings.

17. Applicant has not received any payments nor any promises for services rendered from any source or in any capacity whatsoever in connection with this case. Furthermore, there is no agreement or understanding between the applicant and any other person for the sharing of compensation to be received for services rendered in this case.

18. Attached is a schedule of services rendered, the dates for each service, the identity the individual (attorney) performing the service, a description of the service and the time spent performing the service with the normal billing rate for the professional rendering same. A copy of the schedule of services is attached as Exhibit A:

a. Engage in communications (i.e. phone calls, emails and correspondence) with regard to rescheduling the meeting of creditors and documentation required to conduct the

hearing.

b. Engage in communications (i.e. phone calls, emails and correspondence) with regard to the Debtor's Motion to Vacate Dismissal.

c. Prepare and File Motion to Dismiss Case, Opposition to Motion to Vacate Dismissal and Letter Brief requesting fees.

d. Prepare Consent Order Extending Deadline to Object to Debtor's Discharge and Subsequent Motion to Extend the Deadline to Object to the Debtor's Discharge.

e. Preparation for Debtor's initial 341(a) meeting of creditors as well as a continued meeting of creditors.

19. All services rendered were essential to fulfilling my obligation as Interim Chapter 7 Trustee. The rate charged for these services is the same rate as that would be charged to this Firm's clients. To the extend that services of other members and associates of the Firm are utilized, their hourly billing rates are consistent with the rates of those attorneys listed above who have similar experience.

20. Accordingly, this Firm respectfully requests that an Order be entered authorizing Compensation in the amount of $2,200.00.

I hereby certify that all the foregoing statements made are true and correct to the best of my knowledge, information and belief. If any of the foregoing statements are found to be intentionally false, I understand that I am subject to punishment.

Dated: December 1, 2022

/s/ **ANDREW B. FINBERG, ESQUIRE**
**ANDREW B. FINBERG, ESQUIRE**